*E-Filed 5/22/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN, | No. C 13-0255 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| B. HEDRICK, et al., | |
| Defendants. | |

# INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before July 1, 2013.

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

The complaint is a barely legible mixture of allegations concerning events in Los Angeles and, perhaps, in the Northern District. The complaint is DISMISSED with leave to amend. All claims against persons in Los Angeles are DISMISSED without prejudice. If plaintiff seeks relief in federal court on such claims, he must file an action in the Central District. The claims concerning alleged events in the Northern District are also DISMISSED with leave to amend. Plaintiff must file a legible complaint detailing where the alleged violations occurred, the specific defendants involved, and their specific actions.

**<u>Plaintiff shall file an amended complaint on or before July 1, 2013.</u>** The first amended complaint must include the caption and civil case number used in this order

1 (13-0255 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.
2 Because an amended complaint completely replaces the previous complaints, plaintiff must
3 include in his first amended complaint *all* the claims he wishes to present and *all* of the
4 defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
5 Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not*
6 incorporate material from the prior complaint by reference. Failure to file an amended
7 complaint in accordance with this order will result in dismissal of this action without further
8 notice to plaintiff.

9     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
10 informed of any change of address by filing a separate paper with the clerk headed "Notice
11 of Change of Address." He must comply with the Court's orders in a timely fashion or ask
12 for an extension of time to do so. Failure to comply may result in the dismissal of this action
13 pursuant to Federal Rule of Civil Procedure 41(b).

14 **IT IS SO ORDERED**.

15 DATED: May 22, 2013

16                                 RICHARD SEEBORG
                                United States District Judge